UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COMIN,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM),<br><br>    Defendant. | Case No. 19-cv-07261-JD<br><br>**ORDER RE MOTION TO STRIKE**<br>Re: Dkt. No. 55 |

Plaintiff Comin has moved to strike all of IBM's twenty-two affirmative defenses under Federal Rule of Civil Procedure 12(f). Dkt. No. 55. The parties' familiarity with the record is assumed, and relevant factual background is provided in the Court's dismissal order, Dkt. No. 50.

Rule 8(c) requires that affirmative defenses be stated in a defendant's answer, and lists examples of possible defenses. Rule 12(f) allows a plaintiff to file a motion to strike an "insufficient defense" asserted in the answer. As the Court has stated in prior orders, Rule 12(f) motions are disfavored, and almost never serve any useful purpose. *See Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at \*1-2 (N.D. Cal. Dec. 19, 2016). While courts have at times applied the plausibility standard applicable to motions to dismiss under Rule 12(b)(6) to Rule 12(f) motions, the Ninth Circuit has recently suggested that a defendant need only describe an affirmative defense in "general terms" sufficient to put the plaintiff on notice of the nature of the defense. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)). The Court has previously determined that this is the appropriate standard, and applies it here. *See Inn S.F. Enter., Inc.*, 2016 WL 8469189, at \*2.

Some of IBM's defenses are supported by factual assertions that are sufficient to notify Comin of their general nature, or are "self-explanatory." *Id.* For example, IBM's second defense is that some or all of the putative class members' claims are barred by applicable statues of limitations, and cites specific statutes. Dkt. No. 53 ¶134. A "statute of limitations" is an affirmative defense recognized by Rule 8(c). The limitations periods are spelled out by the relevant statutes, the date Comin sued is known, and the pleadings explain the period over which the putative class members' injuries occurred. That is enough to notify Comin of the nature of the defense. Similarly, defense fourteen alleges that specific statutes Comin is suing under are unconstitutionally vague. An unconstitutional law cannot be enforced even if the plaintiff has satisfied all the elements necessary to state a claim, and so this may fairly be characterized as a defense to liability. All Comin has to do is read the statutes to understand the nature of the defense. Defense fifteen says that IBM paid its employees all the wages they were owed. "[P]ayment" is an affirmative defense. Fed. R. Civ. P. 8(c). These defenses will not be stricken.

Other affirmative defenses fare less well. IBM's sixth defense is that Comin cannot satisfy the requirements for class certification under Rule 23. *See id.* ¶ 138. That is a not a defense to liability. So too for defenses seven, eight, nine, ten, and eleven, which give other reasons why class certification is inappropriate. *See id.* ¶¶ 139-43. Consequently, the Court strikes these defenses. This is merely a technical exercise, and has no effect whatsoever on IBM's ability to argue against future class certification efforts under Rule 23.

IBM's assertions to the effect that Comin and the putative class cannot establish necessary elements of their claims also do not qualify as affirmative defenses. *See Inn S.F. Enter.*, 2016 WL 8469189, at *2 (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (2002)). These include defenses one, sixteen, seventeen, and nineteen. *See* Dkt. No. 53 ¶ 133 (complaint fails to state a claim) *id.* ¶ 149 (Comin cannot show existence of a contract); *id.* ¶ 150 (IBM had discretion to determine plaintiffs' wages); *id.* ¶ 151 (IBM did not violate UCL). These defenses are also stricken. IBM is perfectly free to raise substantively the same points at an appropriate time, except if doing so would be an unjustified request for reconsideration of the Court's prior order holding that the complaint states a UCL claim. *See* Dkt. No. 50.

2

Some of IBM's affirmative defenses must be stricken because they simply refer to legal doctrines without explaining their relevance to the case, or suggest that IBM might discover the grounds for a defense in the future. *See Inn S.F. Enter.*, 2016 WL 8469189, at *2. The defenses stricken for this reason included defenses three, four, twelve, twenty, twenty-one, and twenty-two. *See* Dkt. No. 53 ¶¶ 135-36, 144, 152-54. Defense eighteen has a different problem. It contains the factual assertion that "IBM notified Plaintiff and putative class members clearly and in writing of its policies and practices concerning the calculation of commission[s] and when such commissions were earned." *Id.* ¶ 150. That is said to be a defense to liability because IBM acted "in compliance with California law." *Id.* It is conceivable that IBM's notifications constitute a defense to Comin's remaining UCL and breach-of-contract claims, but what law that might be is entirely unclear. Some additional explanation or description is required to fairly notify Comin of the nature of these defenses.

To close out the list, defense five claims that plaintiffs lack standing, and defense thirteen alleges that plaintiffs lack statutory standing under the UCL. *See id.* ¶¶ 137, 145. Article III standing is an issue of the Court's subject matter jurisdiction, which the plaintiff must establish in the complaint. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Consequently, this is not a true affirmative defense, and so defense five is stricken. This hardly matters much because "the jurisdictional issue of standing can be raised at any time." *Ctr. For Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009). Statutory standing goes to whether the plaintiff has a cause of action, and it must be established in the complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998). Consistent with this, the Court took up the UCL standing issue in its dismissal order. *See* Dkt. No. 50 at 6-7. Consequently, the allegation that Comin and the putative class lack standing under the UCL is not an affirmative defense, and so it is stricken.

Consequently, all of IBM's defenses other than two, fourteen, and fifteen are stricken. Leave to amend is granted for defenses three, four, twelve, eighteen, twenty, twenty-one, and twenty-two. For the defenses stricken without leave to amend, the Court emphasizes that this does not mean that IBM can't raise the points later as warranted by the record developed in the case. It means only that they are not affirmative defenses. Except as inconsistent with the Court's

3

dismissal order, IBM is perfectly free to present the same substantive arguments in future proceedings.

"Overall, while the affirmative defenses have been pruned, [Comin's] motion can hardly be called a strategic success or worth the time and money it involved. The dispute between the parties is untouched in any meaningful way, and going forward, the parties are well advised to fight only the battles that count and that will advance the case." *Inn S.F. Enter.*, 2016 WL 8469189, at *3. IBM may file an amended answer consistent with this order by July 16, 2021. IBM may also seek leave to file an amended answer after this deadline if the grounds for an affirmative defense only become apparent after new facts are uncovered in discovery. *See id.* at *2.

**IT IS SO ORDERED.**

Dated: June 30, 2021

JAMES DONATO
United States District Judge