Matthew E. Lee (*pro hac vice*)
Mark R. Sigmon (*pro hac vice*)
Jeremy R. Williams (*pro hac vice*)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
mlee@milberg.com
msigmon@milberg.com
jwilliams@milberg.com

Attorneys for Plaintiffs

MARK COMIN AND MARK BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COMIN and MARK BRIGGS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. 3:19-cv-07261-JD<br><br>**DECLARATION OF MATTHEW E. LEE IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED CLASS SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF CLASS NOTICE AND INCORPORATED MEMORANDUM OF LAW** |

I, Matthew E. Lee, declare as follows:

1. I am a member in good standing of the State Bar of North Carolina and the State Bar of Florida. I am admitted to practice before this Court *pro hac vice* and am a Senior Partner at the law firm of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"), which serves as counsel for Plaintiffs in this matter.

2. I make this declaration in support of the Parties' Joint Motion for Preliminary Approval of the proposed class action and representative action settlement, and certification of a settlement class and subclass (collectively referred to herein as the "Settlement Class"), and in support of appointing Milberg Coleman Bryson Phillips Grossman, PLLC, as Class Counsel under Rule 23(g) of the Federal Rules of Civil Procedure.

3. I am familiar with the facts stated below based on my own personal knowledge and if called upon could and would testify competently about them.

**Background and Settlement Discussions**

4. This action was initiated by Plaintiff Mark Comin on November 4, 2019. ECF No. 1. About a year later, while discovery was beginning, Comin's action was consolidated with one filed by Plaintiff Mark Briggs. ECF No. 93.

5. The Parties conducted extensive discovery, producing and reviewing over 92,000 documents and took 10 depositions.

6. Near the close of the discovery period, the parties engaged in an initial private mediation session on February 23, 2022 with A. Lee Parks of Henning Mediation and Arbitration Services. The parties were unable to reach a settlement in principle that day, but they made significant progress.

7. Following that mediation, and at the suggestion of Mr. Parks, the Parties spent several weeks exchanging additional information and ultimately held a second mediation session with Mr. Parks on May 20, 2022. During this mediation, the parties reached a settlement, and the principal terms were memorialized in a Memorandum of Understanding signed by the Parties at the mediation. If the Parties had not negotiated this Settlement, we

1    understand that IBM would have continued vigorously defending this case at every stage of litigation.

    8.    The parties negotiated the precise terms of the Settlement Agreement. Attached as **Exhibit A** is a copy of the Settlement Agreement.

    9.    Other than the Settlement Agreement, there are no other agreements between Plaintiffs and IBM regarding the resolution of the claims in this case.

**Adequacy of Plaintiffs and Counsel**

    10.   Plaintiff Comin and Plaintiff Briggs assisted Plaintiffs' Counsel in this case by reviewing the pleadings, responding to the interrogatories, searching for and producing documents, sitting for their depositions, and attending and participating in both mediations. Therefore, Plaintiff Comin is an adequate class representative and Plaintiff Briggs is an adequate PAGA representative.

    11.   Neither Plaintiff Comin nor Plaintiff Briggs have any conflicts with other Settlement Class Members.

    12.   Throughout this case, Milberg has zealously represented, and will continue to zealously represent, the Settlement Class.

    13.   Attached as **Exhibit B** is Milberg's firm resume with selected biographies of those attorneys that worked on this matter.

    14.   As this resume shows, Plaintiffs' Counsel have significant experience in litigation, certification, and settlement of class action lawsuits, as well as individual lawsuits concerning the subject matter at issue in this litigation. This experience, along with Plaintiffs' Counsel's extensive history of litigating the instant case, provides Plaintiffs' Counsel with a nuanced understanding of the legal and factual issues involved and informs our conclusion that this settlement constitutes the best possible outcome for the Settlement Class.

**Fairness, Reasonableness, and Adequacy of the Proposed Settlement**

    15.   On the basis of Plaintiffs' Counsel's investigation into this case, and experience with and knowledge of the law and procedure governing the claims of Plaintiffs and the

Settlement Class, it is Plaintiffs' Counsel's belief that the recovery provided by the Settlement Agreement is the greatest possible outcome in the best interests of the Class and Subclass.

16. Plaintiffs face significant risks to their claims if this Settlement is not approved. Should the case proceed in litigation, Plaintiffs could see their claims dismissed or narrowed by motions for summary judgment, denial of class certification, motions *in limine*, trial, or on a subsequent appeal.

17. Should litigation proceed rather than this settlement being approved by the Court, the Parties would incur the expense and burden of substantial briefing regarding class certification and summary judgment, preparing for trial, finalizing all pretrial filings, and conducting the trial. Even if Plaintiffs were to succeed on the merits at trial, any recovery would likely be delayed by appeals, and the litigation could take years to resolve.

18. In this context, it is Plaintiffs' Counsel's belief that the Settlement is an outstanding recovery that provides substantial relief to the Settlement Class without further delay.

## Attorneys' Fees and Expenses

19. The parties agreed on a percentage of the Settlement Payment to allocate to Attorneys' Fees and Expenses only after they had agreed on material terms of the relief to the Settlement Class, including the total Settlement Payment amount.

20. The approval and payment of fees and costs does not impact the success of the settlement.

21. Plaintiffs' Counsel's current litigation expenses are $35,177.38.

22. Plaintiffs' Counsel have agreed not to seek an award of more than $1,583,333.33 in fees plus costs and expenses not to exceed $35,177.38, which they intend to seek an award of via a forthcoming motion.

23. To date, and not counting future time and effort on settlement administration and approval, Plaintiffs' Counsel's total current lodestar is $1,521,256.34 based on the 2,742.1 total hours expended to date.

24. The approximately $1,583,333.33 in attorneys' fees that Plaintiffs' Counsel intends to seek is close to the same amount as Plaintiffs' Counsel's current lodestar and will likely be less than Counsel's final lodestar.

**Enhancement Awards**

25. The parties also separately negotiated and agreed on the amount of the Enhancement Awards that Plaintiffs would seek after they had agreed on material terms of the relief to the Settlement Class.

26. Plaintiff Comin and Plaintiff Briggs have spent substantial time reviewing the pleadings, responding to discovery requests, sitting for their depositions, participating in the mediation sessions, and reviewing the Settlement Agreement.

27. Due to Plaintiffs' efforts in litigating this Action on behalf of the absent Class Members, an Enhancement Award of $10,000 each for Plaintiff Comin and Plaintiff Briggs is fair and reasonable as we will explain further in our forthcoming Motion for Attorneys' Fees and Enhancement Awards.

**Notice**

28. The parties are also seeking preliminary approval of the Notice to be sent to the Class and Subclass.

29. A copy of the Notice is attached hereto as **Exhibit C**.

30. The Notice Plan will provide full and proper notice to Settlement Class and Subclass Members before the opt-out and objection deadlines. This Notice Plan provides Settlement Class and Subclass Members due process and is the best notice practicable under the circumstances, in full compliance with Rule 23 of the Federal Rules of Civil Procedure.

31. To mail the Notice and handle the administration of the settlement, the Parties selected KCC Class Action Services, LLC ("KCC"). KCC was selected after a bidding process whereby each Party solicited and received bids from two different settlement administrators, for a total of four bids. A copy of KCC's resume summarizing its qualifications is attached hereto as **Exhibit D**.

32. In the last two years, KCC has served as the settlement administrator in approximately seven cases where my firm was class counsel. A list of those cases is attached as **Exhibit E**.

33. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 22, 2022.

_____
Matthew E. Lee

# INDEX OF EXHIBITS

COMIN, et al. v. INTERNATIONAL BUSINESS MACHINES CORPORATION

Case No. 3:19-cv-07261-JD

| EXHIBIT | DESCRIPTION | PAGE |
| --- | --- | --- |
| A | Settlement Agreement | 7-40 |
| B | MCBPG-Firm Resume for Prelim Approval | 41-59 |
| C | Comin & Briggs v IBM - Proposed Class Notice | 60-66 |
| D | KCC Class Action Resume | 67-69 |
| E | Case List | 70 |