UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COMIN and MARK BRIGGS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. 3:19-cv-07261-JD<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED CLASS AND PAGA SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF CLASS NOTICE** |

Having considered the motion briefing, the arguments of counsel, the relevant law, and the terms of the settlement agreement, as well as the record in this case, and based on the reasons and terms set forth herein, the Court GRANTS the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion"); GRANTS Preliminary Certification of the Class and Subclass as defined herein for settlement purposes only; APPOINTS Mark Comin as Class Representative and Mark Briggs as PAGA Representative; APPOINTS Milberg Coleman Bryson Phillips Grossman PLLC as Class Counsel; and APPROVES the Class Notice.

**I.     Class Certification for Settlement Purposes Only**

The proposed Settlement Agreement submitted with the Motion (attached as Exhibit A to the Declaration of Matthew E. Lee) is preliminarily approved as fair, adequate, and reasonable to the Class and Subclass when balanced against the probable outcome of further litigation relating to class certification, liability, and potential appeals of rulings.  The settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to the objections of Settlement Class Members and final review of the Court.

It appears that significant discovery, investigation, and research were conducted such that the Parties' counsel were able to reasonably evaluate their respective positions.  It further appears that settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation.  It also appears that the proposed settlement has been reached as the result of intensive, informed, and non-collusive negotiations.

1. Based on the submissions of the Parties, and for purposes of this Settlement only, the Court conditionally makes the following findings:

    a. The members of the Class and Subclass defined in the Settlement Agreement are so numerous as to make joinder impracticable. The class is estimated to have 1,500 members and the subclass includes approximately 60 individuals;

    b. With respect to commonality under Rule 23(a)(2), for purposes of this Settlement only, IBM does not dispute Plaintiffs' contentions regarding the commonality requirement. The commonality requirement is satisfied because there are questions of law and fact common to the Class and Subclass, and such questions

predominate over any questions affecting only individual Settlement Class Members;

    c.  With respect to typicality under Rule 23(a)(3), for purposes of this Settlement only, IBM does not dispute Plaintiffs' contentions regarding the typicality requirement. Plaintiffs' claims arise from the same legal theories as the claims of the Class and Subclass Members' claims;

    d.  Plaintiffs and their counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Settlement Class Members in this action as evidenced by their prosecution of the lawsuits; and

    e.  A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this action considering Settlement Class Members' interests in controlling the prosecution or defense of separate actions, the extent of any litigation concerning the controversy already begun by Settlement Class Members, the desirability of concentrating the litigation in this forum, and the likely difficulties in managing a class action.

2.  Accordingly, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies the following Class and Subclass (collectively referred to as the "Settlement Classes"):

    a.  **Class**: All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time between November 4, 2015 and the date of preliminary approval of the settlement by the Court.

    b.  **Subclass**: All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time from November 4, 2015 through the date of preliminary approval of the settlement by the Court and who Plaintiffs alleged were not paid the amount of commissions reflected in the individual's commissions formula.

3.  Milberg Coleman Bryson Phillips Grossman, PLLC ("Class Counsel") is appointed to represent the Settlement Classes; and Plaintiff Mark Comin is

1                    appointed as the representative of the Settlement Classes.

2          4.       KCC Class Action Services, LLC is appointed as Settlement Administrator. All costs and expenses of settlement administration shall be paid by IBM pursuant to the provisions of the Settlement Agreement.

**II.   Approval Of Class Notice And Manner Of Distribution Of Notice**

The Parties have submitted for this Court's approval a proposed Class Notice. The Parties have also proposed a plan for disseminating these documents by mail to all Settlement Class Members after the Court grants preliminary approval of the Settlement. After carefully reviewing these documents and plan of dissemination, the court concludes that the proposed Class Notice satisfies the requirements set forth in Fed. R. Civ. P. 23(C)(2)(B). Here, the Class Notice contains plain-language summaries of key information about Settlement Class Members' rights and options. Consistent with normal practice, prior to being delivered and published, all Class Notice documents will undergo a final edit for accuracy. The Class Notice forms are noticeable, clear, and concise, and are written in plain, easily understood language. The Class Notice forms effectively communicate key information about the Settlement and are designed to alert the reader that the Class Notice is an important document and that the content may affect them. Moreover, the Notice provides the best notice practicable under the circumstances, and it informs potential class members of the settlement amount and their estimated share of the settlement, the basis of the lawsuit, the definitions of the Settlement Classes, the procedure for and consequences of opting-out of the settlement, the procedure for and consequences of objecting to or obtaining exclusion from the settlement, and the date of the final fairness hearing. The Court further concludes that the proposed plan for disseminating the Class Notice is reasonably calculated to reach all individuals who would be bound by the Settlement. The Settlement Administrator will distribute the Class Notice to all Settlement Class members by first-class mail to their last known address (including any updated addresses that may be discovered through reasonable methods). The Settlement Administrator will also track non-delivered notice materials and take reasonable steps to re-send them to the correct, current addresses.

Accordingly, the Court hereby orders that the form of the Class Notice (attached as

Exhibit C to Declaration of Matthew E. Lee) is approved; the manner of distributing the Class Notice is approved; and for purposes of this Order the Court adopts all defined terms in the Settlement Agreement and the procedures described therein pertaining to the timing and distribution of the Class Notice.

### III.   Approval of PAGA Penalties

The PAGA Group is defined as follows: "All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time between September 5, 2020 through the date of preliminary approval of the settlement by the Court."  $200,000 will be paid from the gross settlement fund as the PAGA Penalty Payment for settlement and release of any and all claims for which penalties under PAGA may be sought or are otherwise available to any member of the Class, which the Court finds to be in good faith and a fair and reasonable apportionment. Pursuant to Labor Code § 2699(i), the PAGA Penalty Payment shall be allocated as follows: $150,000 (75%) to the LWDA for the enforcement of labor laws and education of employers, and $50,000 (25%) to the PAGA Group. Each PAGA Group Member's individual share of the $50,000 total allocable to the PAGA Group shall be calculated with each PAGA Group Member receiving an equal share.

### IV.   Class Action Fairness Act Notice

The Court finds that the procedures set forth in Section III(D) of the Settlement Agreement comply with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715. IBM shall direct the Settlement Administrator to provide the notification required under 28 U.S.C. § 1715 to each appropriate Federal Official and to each appropriate State Official.

### V.   Procedures for Final Approval of the Settlement

a. The Court will conduct a Fairness and Final Approval Hearing ("final approval hearing") on _____ to determine whether the settlement agreement should be granted final approval as fair, reasonable, and adequate as to the Class and Subclass.

b. Form of election and deadline to elect not to participate in the settlement: A class

member may opt out of the Settlement by timely mailing a valid opt-out statement to the Settlement Administrator. The procedure for opting out shall be the procedure set forth in the Court-approved Class Notice attached as Exhibit C to the Declaration of Declaration of Matthew E. Lee.  No opt-out statement shall be honored or valid if postmarked more than ninety (90) calendar days after the postmark date of the initial mailing of the class Notice.  Requests to opt out that do not include all the required information shall be deemed null, void and ineffective. Furthermore, class member opt-out rights do not extend to the settlement of PAGA claims in this Action.

    c. Any class member who does not timely opt out may object to the Settlement.  The Court adopts the procedure for objecting to the Settlement set forth in the Settlement Agreement and explained in the Class Notice.  Any such objection must be filed with the clerk of the Court no later than ninety (90) days after the postmark date of the initial mailing of Class Notice.  The postmark date of the mailing shall be the exclusive means for determining whether an objection is timely.  The objection must state the basis for the objection.  Class members who fail to make objections in the manner specified shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, and the Settlement shall be fully binding upon them.

    d. Deadline for submitting motions for final settlement approval: All briefs, memoranda, and papers in support of the motion for final approval of the settlement shall be filed no later than _____; all briefs, memoranda, and papers in support of Plaintiffs' request for Enhancement Payments and request for Class Counsel fees and costs shall be filed no later than _____.

In connection with final settlement approval, the Court will hear all evidence and argument necessary to evaluate the settlement agreement and will consider class counsel's motion

for attorneys' fees and for class representative awards. Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the settlement agreement and class counsel's motion for attorneys' fees and class representative awards by filing a Notice of Intention to Appear no later than _____, which is seven days before the Fairness and Final Approval Hearing. The Court reserves the right to continue the date of the final approval hearing without further notice to class members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**VI.  Release of Claims**

If, at or after the final approval hearing, the Court grants final approval to the Settlement, Plaintiffs and all Settlement Class Members who do not submit a timely and valid request for exclusion shall, pursuant to the Settlement Agreement and as of its Effective Date, release and discharge the Released Claims against the Released Persons as defined in the Settlement Agreement. The Plaintiffs in the Consolidated Action have agreed to participate as Representatives in this matter, have agreed not to request exclusion from the Settlement Class, and have agreed to be bound by the releases set forth in the Settlement Agreement.

Class Members have no opt out rights as to the PAGA portion of the settlement of the Action. Accordingly, upon the Effective Date, in consideration of the PAGA Penalty Payment, Plaintiffs, on behalf of themselves and the State of California, and all PAGA Group members, waive, fully release, and forever discharge the Released Parties from any and all claims under PAGA which were or could have been raised in the Action and that arose on or before the date of final settlement approval.

It is SO ORDERED.

DATED:

_____
Honorable James Donato
U.S. District Court Judge