UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COMIN and MARK BRIGGS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. 3:19-cv-07261-JD<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

At the Court's direction, the parties revised the proposed class settlement and application for preliminary approval. *See* Dkt. No. 134. The revisions have addressed the Court's concerns about notice, the scope of the release, the method of payment, and other issues. Consequently, preliminary approval is granted on the ensuing terms. This order is based on a draft lodged by the parties and modified to conform to the Court's practices and conclusions. Counsel are directed to Paragraph 11 in particular, in addition to reviewing the entirety of this order from start to end. Some deadlines and due dates have been changed, among other modifications.

1. "Plaintiffs" are Mark Comin and Mark Briggs. "IBM" and "Defendant" are International Business Machines Corporation. Both sides are collectively the "Parties."

2. The Court preliminarily approves the Settlement Agreement and Settlement (including the revised terms recounted in the Parties' preliminary approval filings) as fair, reasonable and adequate. The dissemination of the Long Form Notice is authorized to the members of the Settlement Class under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Fairness Hearing. This determination is not a final finding that the Settlement Agreement is fair, adequate, and reasonable.

3. The Court appoints Plaintiff Mark Comin as the Class Representative for purposes of this Settlement.

4. The Court appoints the law firm of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel for purposes of this Settlement. Solely for purposes of effectuating the Settlement, Class Counsel are authorized to act on behalf of the Class Representative, and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement, subject to final approval by the Court of the Settlement.

5. Pursuant to Rule 23, the Court conditionally certifies the following Class and Subclass (collectively the Settlement Classes) for purposes of the Settlement only:

> **Class**: All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time between November 4, 2015, and the date of preliminary approval of the settlement by the Court.

**Subclass**: All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time from November 4, 2015, through the date of preliminary approval of the settlement by the Court and who Plaintiffs alleged were not paid the amount of commissions reflected in the individual's commissions formula.

6. For purposes of effectuating the proposed Settlement only, the Court finds the prerequisites to certifying a settlement class under Rule 23(a) are satisfied in that:

   a. The members of the Class and Subclass defined in the Settlement Agreement are so numerous as to make joinder impracticable. The class is estimated to have 1,500 members and the subclass includes approximately 60 individuals;

   b. There are questions of law or fact common to the Settlement Classes;

   c. The claims or defenses of the Class Representative are typical of the claims or defenses for the Settlement Classes; and

   d. The Class Representative and Class Counsel will fairly and adequately protect the interests of the Class and Subclass Members.

7. For purposes of effectuating the proposed Settlement only, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class certification under Federal Rule of Civil Procedure 23(b)(3) are likely to be found satisfied as: the questions of law or fact common to the Settlement Classes predominate over individual questions and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

**Administration and Notice to the Settlement Classes**

9. The Court appoints KCC Class Action Services, LLC as Settlement Administrator. The Settlement Administrator will supervise and administer the notice procedures, establish and operate the Settlement Website, distribute cash payments according to the processes and criteria set

forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

10. All costs and expenses of settlement administration will be paid by IBM pursuant to the provisions of the Settlement Agreement.

11. The Court approves the form and content of the proposed Long Form Notice submitted for approval at Docket Number 130-1, and finds that its dissemination via U.S. mail and email, including to IBM work email addresses for current employees, to all Settlement Class Members after the Court grants preliminary approval of the Settlement, meets the requirements of Fed. R. Civ. P. 23(C)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for Attorneys' Fees and Expenses and Service Awards, the proposed Plan of Allocation, and Class Members' rights to participate in, opt out of, or object to any aspect of the proposed Settlement. This approval is contingent upon the sending of all notices required herein to IBM work email addresses for class members to the fullest extent possible. Counsel for IBM will file a declaration attesting under oath that this condition has been satisfied no later than 10 business days after the dissemination of the notices is complete. A failure to file a declaration, or inadequate use of IBM work email contacts and addresses for class notice, will result in denial of final approval and the prompt setting of a trial date.

12. Pursuant to Section III.E of the Settlement Agreement, the Settlement Administrator shall complete dissemination of the Notice within thirty calendar days from the entry of this Preliminary Approval Order (the Notice Date). On or before the Notice Date, the Settlement Administrator shall complete the distribution of the Long Form Notice (via email and mail), and establish the Settlement Website which shall contain relevant documents relating to the Settlement such as the Long Form Notice, the operative complaint filed in the Action, the Settlement Agreement, the Preliminary Approval Order, any application for Attorneys' Fees and Expenses and Service Awards, any briefs filed by Plaintiffs and Defendants in support of the Settlement, and the Final Approval Order and Judgment.

**Participation in the Settlement, Requests for Exclusion, and Objections**

13.     Members of the Settlement Classes who wish to object to the Settlement should provide: (1) the objector's name, address, and email address; (2) a short statement of the reason for the objection; (3) the name and contact information of any attorneys representing, advising, or assisting the objector; and (4) a statement indicating whether the objector intends to appear at the Fairness Hearing (either personally or through counsel).  Each objection must: (a) be in writing and signed by the objector; (b) clearly identify the case name and number (i.e. "*Mark Comin et al. v. International Business Machines Corporation*, No. 19-cv-7261-JD"); (c) be mailed to the Court (or filed with the Court in person) at the following address, and (d) filed or postmarked on or before the Exclusion Deadline of 90 days after the Notice Date.  Objections that are mailed to the Court should be addressed as follows:

> Class Action Clerk
> United States District Court for the
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94012

14.     Any member who does not submit a valid and timely written objection in accordance with these procedures and the procedures detailed in Section III.E. of the Settlement Agreement shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order, and the Final Approval Order and Judgment to be entered approving the Settlement, any Fee and Expense Award and/or any Service Awards.

15.     Any putative member of the Settlement Classes who seeks to be excluded from the Settlement Classes must submit a Request for Exclusion and include: (1) the requestor's name, address, and email address; (2) the last four digits of the Class Member's social security number; and (3) and plain language stating an intention to be excluded from the settlement in *Mark Comin, et al. v. International Business Machines Corp.*, U.S.D.C. Case No. 3:19-cv-07261-JD.  Each Request can only request exclusion for that one Person.  The Request for Exclusion must be (a) in writing and signed with the requestor's signature in writing or via DocuSign or an equivalent

verified electronic method, (b) mailed to the Settlement Administrator at the address in the notice to the Settlement Classes, and (c) postmarked on or before the Exclusion Deadline. Any Settlement Class Member who does not submit a valid and timely Request for Exclusion shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment. Furthermore, opt-out rights do not extend to members of the Settlement Classes with respect to settlement of the PAGA claims in this action.

### **Fairness Hearing**

16.     The Fairness Hearing shall be held by the Court on August 10, 2023, at 10:00 a.m., in Courtroom 11, 19th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

17.     At or after the Fairness Hearing, the Court will determine whether:  (1) the requirements for certification of the Settlement Classes have been met; (2) the proposed Settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interest of the Settlement Classes' Members; (3) Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards should be approved; and (4) Final Approval Order and Judgment approving the Settlement and dismissing the Action on the merits with prejudice should be entered.  The Court may enter the Order and Final Approval Order and Judgment approving the Settlement regardless of whether it has awarded Attorneys' Fees and Expenses or Service Awards.

18.     The Court may continue or adjourn the Fairness Hearing without further notice to the Settlement Classes' Members.  The Court may approve the Settlement, with such modifications as may be agreed to by Plaintiffs and Defendants, if appropriate, without further notice to members of the Settlement Class Members.

19.     On or before ninety (90) days after the Notice Date, members of the Settlement Classes shall submit any Objections or Requests for Exclusion, in accordance with paragraphs 13 and 15 of this Order (the Exclusion Deadline).

20. On or before forty-five (45) days prior to the Exclusion Deadline, Class Counsel shall file all papers in support of the Motion for Final Approval of the Settlement and/or Motion for Attorneys' Fees and Expenses and Service Awards.

21. On or before thirty (30) days after the Exclusion Deadline, Class Counsel shall file any responses to any objections to the Motion for Final Approval of the Settlement and/or Motion for Attorneys' Fees and Expenses and Service Awards.

22. Objections by any Settlement Class Member to the Motion for Final Approval of the Settlement and/or Motion for Attorneys' Fees and Expenses and Service Awards shall be considered by the Court at the Fairness Hearing if such member of the Settlement Classes files with the Court a notice of his or her objections in accordance with paragraph 13 of this Order and states the basis for such objections, by the Exclusion Deadline, or as otherwise permitted by the Court.

23. The following timeline summarizes the deadlines set by the Court:

| Event | Deadline |
| --- | --- |
| Settlement Administrator to Disseminate Notice (Notice Date) | Thirty (30) days after entry of the Preliminary Approval Order |
| Deadline to submit Objections or Requests for Exclusion (Exclusion Deadline) | Ninety (90) days after the Notice Date |
| Deadline to file Motion for Final Approval of the Settlement and Motion for Attorneys' Fees and Expenses and Service Awards | Forty-Five (45) days prior to the Exclusion Deadline |
| Deadline to respond to Objections to the Motion for Final Approval of the Settlement and Motion for Attorneys' Fees and Expenses and Service Awards | Thirty (30) days following the Exclusion Deadline |
| Fairness Hearing | August 10, 2023 |

1     24. Any appeal from any order or judgment relating solely to Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards, or any reversal or modification of any such order or judgment, shall not operate to terminate, vacate, or cancel the Settlement.

    25. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are vacated pending further order of the Court.

    26. Neither this Order nor the Settlement Agreement, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, the Settlement or this Order may be construed as an admission or concession by IBM or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceedings, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Settlement Agreement or this Order.  The Released Parties, Plaintiffs, and IBM may file the Settlement Agreement, this Order and/or the Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

    27. If the Court conditions its approval of either the Preliminary Approval Order, the Final Approval Order and Judgment on any modifications of the Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Approval Order and Judgment, or if the Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then in any such event, the Settlement Agreement, including any amendment(s) thereof, shall be null and void, of no further force and effect, and without prejudice to any Party, and the Parties shall be deemed to have reverted to their respective litigation positions as of March 10, 2022.

**PAGA Settlement**

28. In addition to resolving claims brought on behalf of the Settlement Classes, the Parties have also resolved claims brought under the California Private Attorney General Act (PAGA). The PAGA Group is defined as follows: "All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time between September 5, 2020 through the date of preliminary approval of the settlement by the Court." $200,000 will be paid from the gross settlement fund as the PAGA Penalty Payment for settlement and release of any and all claims for which penalties under PAGA may be sought or are otherwise available to any member of the Class, which the Court finds to be in good faith and a fair and reasonable apportionment. Pursuant to Labor Code § 2699(i), the PAGA Penalty Payment shall be allocated as follows: $150,000 (75%) to the California Labor and Workforce Development Agency (LWDA) for the enforcement of labor laws and education of employers, and $50,000 (25%) to the PAGA Group. Each PAGA Group Member's individual share of the $50,000 total allocable to the PAGA Group shall be calculated with each PAGA Group Member receiving an equal share.

Members of the Settlement Classes have no opt out rights as to the PAGA portion of the settlement of the Action. Accordingly, upon the Effective Date, in consideration of the PAGA Penalty Payment, Plaintiffs, on behalf of themselves and the State of California, and all PAGA Group members, waive, fully release, and forever discharge the Released Parties from any and all claims under PAGA which were or could have been raised in the Action and that arose on or before the date of final settlement approval.

**Class Action Fairness Act Notice**

29. The Court finds that the procedures set forth in Section III.D of the Settlement Agreement comply with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715.

**IT IS SO ORDERED**.

Dated: March 2, 2023

_____
JAMES DONATO
United States District Judge