UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COMIN,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM),<br><br>        Defendant. | Case No. 19-cv-07261-JD<br><br>**ORDER RE FINAL APPROVAL OF CLASS AND PAGA SETTLEMENT AND ATTORNEYS' FEES AND COSTS** |

Plaintiff Comin sued his employer, defendant International Business Machines Corporation (IBM), on behalf of a putative class under California Labor Code Section 2751 and the Unfair Competition Law (UCL), and for breach of contract. Dkt. No. 23. Comin alleged that IBM had a practice of not providing sales representatives with a written contract about commissions, which Section 2751 requires, and failing to pay commissions as they came due. The Court denied the first application for preliminary approval on multiple grounds. Dkt. No. 129. After the parties revised the proposed settlement to address the Court's concerns, preliminary approval was granted for a second application. Dkt. No. 137.

This order grants final settlement approval, and awards attorney's fees and costs. The order is based on a proposed order lodged by the parties and modified in accordance with the Court's conclusions and practices. Counsel and parties are advised to read the order for changes, particularly with respect to the class representative awards and the fees and expenses hold-back.

**I. SETTLEMENT**

1. On August 10, 2023, the Court held a hearing re final approval of the proposed class and representative action settlement entered into between the Parties.

2. This Order incorporates by reference the definitions of the Settlement Agreement, Dkt. 126-2, and all terms used herein have the same meaning as stated in the Settlement Agreement.

3. IBM will pay the total gross amount of $4,750,000.00 into a settlement fund to be paid to Class members (including a subclass and PAGA Group), to the California Labor and

1   Workforce Development Agency, and for attorney's fees and expenses and enhancement awards to
2   the Class Representatives. *Id.* at ¶ IV. B.  All Class members will receive $300, and a pro rata share
3   of a $50,000 PAGA payment for all Class members who are PAGA Group members.
4   Approximately 60 Subclass members will receive their pro rata share of the settlement amount that
5   remains after reductions are made for: payment of attorney's fees and expenses in the amount
6   approved by the Court, the PAGA payment, the $300 payment to all class members, and
7   enhancement payments in the amount awarded by the Court. *Id.*  This is a non-reversionary
8   settlement.

9       4.    Notice was provided in the form of a dedicated case website, emails to the class
10  members, and U.S. Mail. The settlement administrator sent emails to 2,377 IBM work email and
11  personal email addresses, of which 2,312 emails were successfully delivered and 65 were not.
12  Additionally, U.S. Mail notice was used for all 1,966 persons who are believed to comprise the
13  entire settlement class, and 51 mailed notice packets were returned as undeliverable, although the
14  settlement administrator performed an address search and remailed the notice packet to 46 newly
15  found addresses. *Id.* ¶ 7. There has been 1 request for exclusion from the settlement and no
16  objections. *Id.* ¶¶ 13-14.

17      5.    In assessing the fairness and adequacy of the proposed settlement, the Court
18  considers several factors, including: (1) the strength of the plaintiffs' case; (2) the risk, expense,
19  complexity, and likely duration of further litigation; (3) the risk of maintaining class action status
20  throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and
21  the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of the
22  class members to the proposed settlement.

23      6.    With respect to prongs 1 through 4, the parties have provided adequate information
24  to demonstrate that the settlement is fair and the relief the class will receive is reasonable.  As an
25  initial matter, IBM will pay a total of $4,750,000 to resolve the case and has and will pay separately
26  all the costs of the administration of settlement.  From that fund, all of the estimated 1,966 class
27  members who did not opt out will receive $300 in settlement of claims arising from Plaintiffs'
28  allegation that they did not receive an enforceable commissions contract with IBM under California

law, regardless of whether they claim they were actually harmed by allegedly not having a contract or that they are owed any commissions or wages.

7. For the 60 subclass members who have been identified as having potential claims that their commissions were allegedly capped or otherwise withheld by IBM, each will receive thousands of dollars, amounting to approximately 44.7% of all allegedly owed commissions. The claims are disputed, and that Plaintiffs could face the prospect of losing on the merits at either the summary judgment or trial should the case not resolve at this stage.

8. With respect to prongs 5 and 6, the record indicates that the parties engaged in written discovery and the exchange of relevant documents, as well as at least ten depositions and two mediations. The parties have had an arms-length exchange of discoverable information. Plaintiffs' counsel has experience in class action litigation and employment-based claims, and has expressed the view that this settlement is fair and reasonable.

9. No class member has objected to the settlement, and only 1 of the 1,966 class members has requested to be excluded from the class.

10. Final certification is granted for the following Class and Subclass (collectively the "Settlement Classes") for purposes of the Settlement only:

> **Class**: All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time between November 4, 2015 and March 2, 2023.
>
> **Subclass**: All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time from November 4, 2015 through March 2, 2023 and who Plaintiffs alleged were not paid the amount of commissions reflected in the individual's commissions formula.

11. For the claim re the California Private Attorney General Act ("PAGA") on behalf of the PAGA Group: All persons residing or who resided in California while working for IBM on a commissions incentive plan at any time between September 5, 2020 through March 2, 2023.

12. The sum of $200,000 will be paid from the Settlement Payment as the PAGA Penalty Payment for settlement and release of any and all claims for which penalties under PAGA may be

3

1   sought or are otherwise available to any member of the Class, which the Court finds to be in good
2   faith and a fair and reasonable allocation. The PAGA relief provided by the Settlement Agreement
3   is fair and adequate in light of the purposes and policies of the PAGA. Pursuant to Labor Code §
4   2699(i), the PAGA Penalty Payment will be allocated as follows: $150,000 (75%) to the LWDA for
5   the enforcement of labor laws and education of employers, and $50,000 (25%) to the PAGA Group.
6   Each PAGA Group Member's individual share of the $50,000 total allocable to the PAGA Group
7   shall be calculated with each PAGA Group Member receiving an equal share.

8         13.    The Court finds that adequate notice was provided under the Class Action Fairness
9   Act.

10         14.    The Court finds that adequate notice was provided to the Class and Subclass
11   consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(e)(1);
12   *Churchill Vill, LLC v. Gen. Elec*., 361 F.3d 566, 575 (9th Cir. 2004).

13         15.    The Court confirms the appointment of Plaintiff Mark Comin as the Class
14   Representative for purposes of this Settlement.

15         16.    The Court confirms the appointment of Plaintiff Mark Briggs as the PAGA
16   Representative for purposes of this Settlement.

17         17.    The Court confirms the appointment of Milberg Coleman Bryson Phillips Grossman,
18   PLLC as Class Counsel for purposes of this Settlement. Solely for purposes of effectuating the
19   Settlement, Class Counsel are authorized to act on behalf of the Class Representative, and all other
20   Settlement Class Members with respect to all acts or consents required by or that may be given
21   pursuant to the Settlement Agreement, including all acts that are reasonably necessary to
22   consummate the Settlement.

23         18.    The Court has expressed in other cases substantial skepticism about oversize
24   "service" awards to named plaintiffs that are disproportionate to the average recovery of other class
25   members. *See* Fed. R. Civ. Pro. 23(e)(2)(D). The Court grants service payments of $2,500 each to
26   Plaintiffs Mark Comin and Mark Briggs for time spent in depositions, mediation sessions, providing
27   support to Class Counsel, providing documents for initial disclosures pursuant to Rule 26, providing
28   responses to discovery requests made by IBM, maintaining regular contact with Class Counsel

regarding the status of their case, and otherwise working with Class Counsel to prosecute and resolve these actions on behalf of all Settlement Class Members in California.

19. The Court approves a payment of $300 to each Class Member who did not timely opt out of the Settlement.

20. The Court approves payment to each Subclass Member based on a pro rata percentage of the amount of their alleged reduced commissions out of what remains of the Settlement Payment ($4,750,000) after subtracting the following payments: (1) $300 payments to each Class Member who did not opt out, (2) the attorneys' fees and costs awarded by the Court, (3) the $200,000 PAGA Penalty Payment; and (4) the Enhancement Payments awarded by the Court to each of Plaintiffs Comin and Briggs.

21. The Court approves the cy pres distribution of uncashed checks to State Bar of California Justice Gap Fund.

22. The Court grants final approval of the class and representative settlement, as set forth in the Settlement Agreement, as fair, just, adequate, and reasonable. The Parties are directed to perform their Settlement in accordance with the terms set forth in the Settlement Agreement.

23. By this Order and upon the Effective Date, in consideration of the monetary sum provided by IBM, Plaintiffs and each of the Class Members (except for Class Members who timely opted out of the Rule 23 Class portion of the settlement) release IBM and the Released Parties from:
> any and all claims, rights, demands, liabilities, and causes of action of any kind, arising from the alleged violation of any provision of common law, California law and/or federal law which was or could have been raised in the Action, including but not limited to claims based on California Labor Code sections 201, 202, 203, 204, 226, 226.3, 558, 1174, 1194, 1197, 1197.1, 1198, 2751, 2698 et seq., California Code of Regulations, Business & Professions Code section 17200-17208, any and all claims for unpaid commissions, claims for breach of contract (express or implied), unjust enrichment, promissory estoppel, fraud, misrepresentation (negligent or intentional), or any related damages, penalties, restitution, disgorgement, interest or attorneys' fees, and that arose on or before March 2, 2023 (the "Settled Claims"). Class Representatives and Class Members shall be permanently barred and enjoined from the institution or prosecution of any and all Settled Claims against the Released Parties, except as to such rights or claims as may be created by the Settlement, subject to the continuing jurisdiction of the Court.

24. By this Order and upon the Effective Date, in consideration of the PAGA Penalty Payment, Plaintiffs, on behalf of themselves and the State of California, and all PAGA Group

members, waive, fully release and forever discharge the Released Parties from any and all claims under PAGA which were or could have been raised in the Action and that arose on or before the date of final settlement approval.

25. In consideration for the promises set forth in the Settlement Agreement, in addition to the Settled Claims, each of the Class Representatives, for themselves and their respective agents, heirs, predecessors, successors, assigns, representatives and attorneys, waive, release, acquit and forever discharge each of the Released Parties from any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties, including but not limited to any claims arising out of or related to Plaintiffs' employment, wages, hours, or working conditions with IBM or the separation of their employment with IBM, committed or omitted prior to the date of Final Judgment except as limited herein and by law. This additional release includes all known and unknown claims. As a condition of the Settlement Agreement, Class Representatives also expressly waive all rights and benefits afforded by Section 1542 of the California Civil Code to the extent permitted by law, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

26. Any appeal from any order or judgment relating solely to Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards, or any reversal or modification of any such order or judgment, shall not operate to terminate, vacate, or cancel the Settlement.

27. This Court enters final judgment in this case in accordance with the terms of the Settlement Agreement, but retains exclusive and continuing jurisdiction for the purpose of interpreting, implementing, and enforcing the terms of the Settlement Agreement, the Preliminary Approval Order, and this Order Granting Final Approval of Class Action Settlement and Final Judgment of Dismissal With Prejudice.

28. Neither this Order nor the Settlement Agreement, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, the Settlement or this Order may be construed as an admission or concession by IBM or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceedings, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Settlement Agreement or this Order. The Released Parties, Plaintiffs, and IBM may file the Settlement Agreement and/or this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## II. ATTORNEYS' FEES AND EXPENSES

1. The proposed attorneys' fee award, which amounts to 33% of the settlement fund and approximately 79% of class counsel's reported lodestar, is within acceptable parameters. The proposed award of $34,396.38 in costs and expenses is also within acceptable parameters. Consequently, they are approved.

2. Seventy-five percent (75%) of the awarded attorneys' fees and expenses may be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation. Twenty-five percent (25%) of the awarded fees and costs will remain in the Settlement Fund pending the filing of a post-distribution accounting as provided for in the District's Procedural Guidance for Class Action Settlements, and may be released only upon the Court's order.

**IT IS SO ORDERED.**

Dated: October 20, 2023

JAMES DONATO
United States District Judge